*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* FOX, Minors.

UNPUBLISHED
December 22, 2022

No. 361360
Oscoda Circuit Court
Family Division
LC No. 20-000689-NA

Before: PATEL, P.J., and CAMERON and LETICA, JJ.

PER CURIAM.

Respondent[1] appeals as of right the trial court's order terminating her parental rights to her three minor children pursuant to MCL 712A.19b(3)(c)(*i*), (g), and (j). Because we find that at least one ground for statutory termination was established by clear and convincing evidence and that termination is in the best interests of the children, we affirm.

## I. BACKGROUND

In January 2020, the Department of Health and Human Services (DHHS) filed a petition to remove respondent's two oldest children[2] over allegations of ongoing domestic discord, substance abuse, unstable housing, and improper supervision. The petition was authorized, and the children were removed. In July 2020, respondent gave birth to her third child, JF. Because JF tested positive for multiple drugs at birth and experienced withdrawal symptoms, DHHS filed a petition for removal of JF one day after her birth. The petition alleged that respondent tested positive for illegal substances during her pregnancy with JF, and continued to test positive after JF's birth. The trial court authorized the petition, and JF was taken into protective custody.

Respondent entered a plea of admission to several allegations in the petitions, including that she tested positive for controlled substances on several occasions, that she failed to follow a

---

[1] The initial petition also named the father of the two oldest children as a respondent. His parental rights were terminated, but he is not a party to this appeal. Paternity of respondent's youngest child was not established during the trial court proceedings.

[2] Respondent's third child was born after the January 2020 petition was filed.

-1-

December 2019 service agreement to refrain from all drug use, that she only attended two prenatal visits while pregnant with JF, that she used controlled substances while pregnant with JF, that JF showed signs of substance-abuse withdrawal after birth, and her substance abuse prevented her from providing proper care and custody of her children. The trial court accepted respondent's plea, and took jurisdiction over all three children.

Respondent was provided with numerous services aimed at reunifying her with the children, including a psychological evaluation, individual counseling, substance-abuse counseling, parenting classes, drug screens, employment assistance, parenting-time visits, and family support services. It is undisputed that she made some progress—her parenting skills improved, she obtained employment, and she had suitable housing. But she suffered a number of setbacks with her substance-abuse issues. Her attendance at substance-abuse counseling was sporadic, which ultimately led to the counselor terminating her services. She had 58 positive drug screens, and she refused 58 drug screens. She failed to enroll in any substance-abuse treatment programs until March 2021. Although she showed improvement when she completed the first part of her inpatient rehabilitation program, she was unsuccessfully discharged from the second part of the program in June 2021 because she was found to be in possession of an unauthorized controlled substance that she delivered to another patient. She made some progress for a few months after her discharge from the program, and was granted unsupervised visitation with her children in October 2021. But her unsupervised visitation privileges were revoked in December 2021 as the result of a positive drug screen. In January 2022, she was arrested for operating a vehicle while intoxicated (OWI).

In February 2022, DHHS filed a supplemental petition seeking termination of respondent's parental rights for all three children. Following the termination hearing, the trial court concluded that there was clear and convincing evidence supporting termination under MCL 712A.19b(3)(c)(*i*), (g), and (j) and that termination was in the children's best interests. This appeal followed.

## II. STANDARDS OF REVIEW

We review a trial court's factual findings regarding statutory grounds for termination of parental rights and the decision to terminate parental rights for clear error. MCR 3.977(K); *In re White*, 303 Mich App 701, 709; 846 NW2d 61 (2014). We also review a trial court's decision that termination is in a child's best interests for clear error. *In re A Atchley*, ___ Mich App ___, ___; ___ NW2d ___ (2022) (Docket No. 358502); slip op at 6-7. "A finding of fact is clearly erroneous if the reviewing court has a definite and firm conviction that a mistake has been committed, giving due regard to the trial court's special opportunity to observe the witnesses." *In re Sanborn*, 337 Mich App 252, 276; 976 NW2d 44 (2021) (quotation marks and citation omitted). "To be clearly erroneous, a decision must be more than maybe or probably wrong." *In re Ellis*, 294 Mich App 30, 33; 817 NW2d 111 (2011).

## III. STATUTORY GROUNDS

Respondent argues that there was insufficient evidence to terminate her parental rights.[3] We disagree.

The trial court terminated respondent's parental rights under MCL 712A.19b(3)(c)(*i*), (g), and (j). "In order to terminate parental rights, the trial court must find by clear and convincing evidence that at least one of the statutory grounds for termination in MCL 712A.19b(3) has been met." *In re VanDalen*, 293 Mich App 120, 139; 809 NW2d 412 (2011). If at least one statutory ground for termination is established, "we need not consider whether the other grounds cited by the trial court also supported the termination decision." *In re Foster*, 285 Mich App 630, 633; 776 NW2d 415 (2009).

A trial court may terminate a respondent's parental rights under MCL 712A.19b(3)(c)(*i*) if "182 or more days have elapsed since the issuance of an initial dispositional order" and "[t]he conditions that led to the adjudication continue to exist and there is no reasonable likelihood that the conditions will be rectified within a reasonable time considering the child's age." Termination of parental rights is proper under MCL 712A.19b(3)(c)(*i*) when "the totality of the evidence amply supports that [the respondent] ha[s] not accomplished any meaningful change in the conditions" that led to the adjudication, *In re Williams*, 286 Mich App 253, 272; 779 NW2d 286 (2009), "despite time to make changes and the opportunity to take advantage of a variety of services[,]" *White*, 303 Mich App at 710 (quotation marks and citation omitted).

It is undisputed that, at the time of termination, more than 182 days had elapsed since the initial disposition order was entered. Thus, we must determine whether the trial court clearly erred in determining that the conditions that lead to adjudication continued to exist, and there was no reasonable likelihood that they could be rectified within a reasonable time considering the children's ages. The conditions that led to adjudication included both substance abuse and emotional instability. As the trial court recognized, neither condition had been rectified at the time of the termination hearing. Respondent attended substance abuse counseling, and an inpatient rehabilitation program, but achieved no meaningful success. She admitted that she used controlled substances throughout this case. That admission was supported by the objective evidence, which showed that she had 58 positive drug screens, and she was presumed positive 58 times because she did not submit to a mandatory drug screen on those occasions. She was also involved in an alcohol-related offense during the underlying proceedings. In the 20 months from the initial disposition to the termination hearing, there were only three months that respondent was consistently free of substances.

Respondent contends that the trial court clearly erred in determining that the conditions that lead to adjudication were not rectified. She maintains that she was making progress, and the incidents in December 2021 and January 2022 were merely "slip ups." But she admitted at the

---

[3] Respondent challenges the trial court's order terminating her parental rights "under MCL 712A.19b(3)(c), MCL 712A.19(b)(c)(3)(g), [and] MCL 712A.19b(3)(i)." We presume that respondent intended to challenge termination under MCL 712A.19b(3)(c)(*i*), (g), and (j), which are the statutory provisions that the trial court cited in terminating respondent's parental rights.

termination hearing that both of those "slip ups" were because she had resorted to drugs or alcohol to manage her stress. Respondent had ample time to make changes and take advantage of a variety of services that were available, but failed to do so. The totality of the evidence amply supports that respondent's substance-abuse issues and emotional instability continued to exist. At the time of the termination hearing, respondent's two oldest children had been in foster care for 26 months and JF had been in foster care for the entire 21 months of her life. Given that no progress was made after more than two years of services, the trial court did not clearly err by finding that there was no reasonable likelihood that the conditions would be rectified within a reasonable time considering the children's ages. Accordingly, we are not left with a definite and firm conviction that a mistake has been made in finding that termination was proper under MCL 712A.19b(3)(c)(*i*). See *In re Ellis,* 294 Mich App at 33.[4]

## IV.  BEST INTERESTS

Respondent further argues that the trial court clearly erred by concluding that it was in the children's best interests to terminate her parental rights. We disagree.

Whether termination is in the children's best interests must be established by a preponderance of the evidence. *In re Moss*, 301 Mich App 76, 90; 836 NW2d 182 (2013). "The focus at the best-interest stage has always been on the child, not the parent." *In re A Atchley*, ___ Mich App at ___; slip op at 7 (quotation marks and citation omitted). Factors to be considered for purposes of the best-interest analysis include "the child's bond to the parent, the parent's parenting ability, the child's need for permanency, stability, and finality, and the advantages of a foster home over the parent's home." *In re Olive/Metts Minors*, 297 Mich App 35, 41-42; 823 NW2d 144 (2012) (citations omitted). Other relevant factors include "the parent's compliance with his or her case service plan, the parent's visitation history with the child, the children's well-being while in care, and the possibility of adoption." *In re White*, 303 Mich App at 714. In addition, the trial court may consider a parent's substance abuse problems. *In re AH*, 245 Mich App 77, 89; 627 NW2d 33 (2001). If a child is in the care of a relative at the time of the termination hearing, the trial court must also explicitly address that factor. *In re Mason,* 486 Mich 142, 164; 782 NW2d 747 (2010). "If the court finds that there are grounds for termination of parental rights and that termination of parental rights is in the child's best interests, the court shall order termination of parental rights and order that additional efforts for reunification of the child with the parent not be made." MCL 712A.19b(5).

Respondent argues that the trial court should have placed more weight on factors such as her bond with the children, her parenting ability, and her compliance with her case service plan. But the focus of the best-interests determination is on the children, not the parent. See *In re Atchley*, ___ Mich App at ___; slip op at 7. And the existence of a bond between a parent and her children does not preclude a finding that termination in is in the children's best interests. See *In re Olive/Metts Minors*, 297 Mich App at 41-42. The trial court found that the children were bonded in their placements, and were thriving. The trial court further noted that the two oldest children

---

[4]  Because only one statutory ground for termination of a respondent's parental rights must be established, we do no need to address whether termination was warranted under MCL 712A.19b(3)(g) or (j). *Foster*, 285 Mich App at 633.

were aware of the pending case, and had been in limbo for over two years. The children's need for permanence, stability, and long-term safety outweigh any bond that may exist with respondent. Given respondent's consistent lack of progress toward reunification—including her ongoing and unrectified substance-abuse issues—the trial court concluded that termination was in the children's best interests. The trial court's findings were supported by a preponderance of the evidence, and we find that it did not clearly err by finding that termination of respondent's parental rights was in the best interests of all three children.

## V. CONCLUSION

For the reasons stated in this opinion, we affirm the trial court's order terminating respondent's parental rights.

/s/ Sima G. Patel
/s/ Thomas C. Cameron
/s/ Anica Letica